JAMES W. ALFORD AND NANCY A. ALFORD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Alford v. Commissioner
Docket No. 9219-76.
United States Tax Court
T.C. Memo 1979-31; 1979 Tax Ct. Memo LEXIS 494; 38 T.C.M. (CCH) 123; T.C.M. (RIA) 79031; January 23, 1979, Filed *494 Held: Petitioner-wife did not sign, nor did she intend to be a party to, the 1974 joint income tax return which her husband filed in both of their names. Accordingly, she is not liable for any deficiency thereon . James W. and Nancy A. Alford, pro se. Stanley H. Smith, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined a deficiency in petitioners' income taxes for the calendar year 1974 in the amount of $ 4,807.60. After concessions of the parties, the only issue remaining is whether Nancy A. Alford signed the 1974 income tax return and is, therefore, jointly and severally liable for any deficiencies thereon. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, along with attached exhibits, are incorporated herein by this reference. The petitioners, James W. (hereinafter James) and Nancy A. (hereafter Nancy) Alford, husband and wife, resided in Atlanta, Georgia and Lilburn, Georgia, respectively, at the time of filing their petition herein. A return for 1974 was filed on October 15, 1975, with the Internal Revenue Service Center, Chamblee, Georgia, petitioners *495 having received an extension of time to file which was obtained for them by the return preparer. The return purported to be a joint return. The signature of James appeared in the space marked "Your Signature" and what purported to be the signature of Nancy appeared in the space marked "Spouse's Signature." On July 9, 1976, the respondent, based on the income tax return filed for the year 1974, issued a statutory notice of deficiency jointly to petitioners in which he determined that they were jointly and severally liable for a deficiency in income tax for that year. Nancy first became aware that a joint return had been filed in her name and that she was a party to the present litigation on October 21, 1977, when respondent's counsel contacted her, presumably regarding the impending trial of the instant case. On November 8, 1977, Nancy requested of this Court that she be allowed to amend the petition, claiming that she never signed the 1974 income tax return filed by James. Respondent's answer to the amendment to the petition alleges that Nancy did sign the return, or alternatively, that if she did not, James is not entitled to have his income tax for the year 1974 computed using *496 the rates for married couples filing jointly, but rather must use the tables for married couples filing separately. [1]
In July 1974, petitioners separated and, in June 1975, they were divorced. While married, it was James who took responsibility for preparing and filing the returns. However, Nancy would assist in the preparation by compiling information as to the amounts of certain items necessary to the preparation of the return. She performed such a function with respect to the 1974 return in the summer of 1975 and mailed that information to James. Additionally, in October of 1976, Nancy signed a "Power of Attorney" (Form 2848) (giving authority to two individuals to represent her with respect to her liability on the 1974 income tax return) and the original petition filed in this case along *497 with the attached verification. However, Nancy explained that she signed those documents without precise knowledge as to their content because she trusted her husband in these matters. She believed that the documents related to representation with respect to returns filed prior to 1974. ULTIMATE FINDING OF FACT Petitioner, Nancy A. Alford, did not sign the 1974 income tax return. OPINION We believe, after a careful study of the signature on the 1974 return and a comparison of that signature with those on the petition and verification and those given in Court establish that Nancy did not sign the 1974 return. Nancy's actions in signing the "Power of Attorney", the petition and verification, and her compilation of data with respect to the 1974 return tend to indicate that she signed the return. However, her explanation to the effect that she signed the documents without precise knowledge as to their content and that she trusted her husband at the time she signed them believing they related to representation for years prior to 1974 was most credible. Thus, we find that the 1974 return filed by James was not a joint return. The only issue raised by the parties was whether *498 Nancy signed the return. However, it is well established that a return may be joint notwithstanding the fact it was not signed by one spouse if both spouses intended such treatment at the time the return was filed. ; , affd. ; . The facts before us indicate that Nancy could not have had any such intent because she was unaware that a return had even been filed. Petitioners were separated in July of 1974 and divorced in June of 1975, but the return was not filed until October of 1975 under an extension obtained by petitioners' return preparer. When Nancy was finally apprised of the fact that a deficiency had been determined against her in October 1977, she promptly notified both the Internal Revenue Service and this Court that she was not a party to the return. Based on this record, we believe she did not intend to be a party to the return at the time it was filed. Decision will be entered under Rule 155.
Footnotes
1. In his answer to the amendment to the petition respondent alleges that the proper amount of James' deficiency, should we hold that he must use the tables for married individuals filing separately, is $ 3,580. This lower deficiency is apparently a result of concessions by respondent which would likewise result in a lower deficiency even should we hold that Nancy did sign the return.↩